UNITED STATES, Appellee

v

JOHN ANTHONY STOVALL, Airman Recruit,
U. S. Navy, Appellant

16 USCMA 291, 36 CMR 447

No. 19,475

July 8, 1966

*Lieutenant Warren K. Morgens,* USNR, was on the pleadings for Appellant, Accused.

*Colonel J. E. Hanthorn,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

From the record of trial it appears that the accused pleaded guilty pursuant to a pretrial agreement with the *convening authority,* in which it was provided that, in return for such plea, any adjudged bad-conduct discharge would be suspended for a period of six months. Following the plea and the findings of guilty based thereon, the court sentenced the accused to bad-conduct discharge, forfeiture of $62.00 per month for six months, and confinement at hard labor for six months. In acting on the case, the convening authority approved the sentence and suspended the bad-conduct discharge for the *period of confinement and an additional period of six months.* Such was a substantial variation from the pretrial understanding with the accused concerning the period of suspension and was prejudicially erroneous. Cf. United States v Hamill, 8 USCMA 464, 24 CMR 274; United States v Butts, 7 USCMA 472, 22 CMR 262.

The petition for review is granted. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board shall take appropriate action to reduce the period of suspension to that agreed upon in the pretrial agreement.