UNITED STATES, Appellee

v

GEORGE ABRAHAM CLARK, Aviation Structural Mechanic H
(hydraulics) Airman, U. S. Navy, Appellant

17 USCMA 26, 37 CMR 290

No. 19,826

May 5, 1967

Lieutenant Clinton F. Raymond, USNR, argued the cause for Appellant, Accused.

Lieutenant Edward A. Infante, USNR, argued the cause for Appellee, United States. With him on the brief was Colonel J. E. Hanthorn, USMC.

Opinion of the Court

QUINN, Chief Judge:

Before a general court-martial, the accused pleaded guilty to several offenses in violation of the Uniform Code of Military Justice, and was sentenced to a bad-conduct discharge, reduction to grade E–1, and confinement at hard labor for six months. The convening authority approved the sentence as adjudged. On this appeal, the accused contends he was not credited with the period of his pretrial confinement, as provided by his pretrial offer to plead guilty.

During an unauthorized absence, the accused was apprehended by agents of the Federal Bureau of Investigation. He was confined in the brig at Treasure Island, San Francisco, California. A week after he was served with the charges, and ten days before his case came on to be heard, the accused submitted to the convening authority an offer to plead guilty to all the charges. The offer contained the following statement as to the convening authority's action on review of the record of the impending trial:

"Sentence as approved by Convening Authority agreeable to accused

"1. Punitive Discharge—BCD.

"2. Confinement or Restraint 10 mos. confinement at hard labor, credit will be given for the period of pretrial confinement served.

"3. Forfeiture or Fine—Forfeiture of $75.00 per month for 10 mos.

"4. Reduction to E–1."

Appellate defense counsel contend the offer, which was approved by the con-

26

vening authority, contemplated that the credit for pretrial confinement would be applied against any confinement adjudged by the court-martial, regardless of its duration. If the agreement is so construed, the convening authority's action does not conform to it because no deduction for pretrial confinement was made from the six months adjudged by the court-martial. See United States v Stovall, 16 USCMA 291, 36 CMR 447. As the defense views the agreement, therefore, the credit provision is a separate and distinct benefit that had to be accorded the accused by the convening authority in his review of the case. The Government contends the accused's interpretation of the pretrial agreement is contrary to its plain language and manifest import. It reads the credit clause as an integral part of the provision for confinement for ten months, and interprets it as applying only if the confinement adjudged by the court-martial was ten months or more. In its view, the offer contemplated only the possibility that the court-martial would adjudge confinement for more than ten months, which would then be reduced by the convening authority to ten months, less such time as the accused spent in pretrial confinement.

A careful reading of the offer supports the Government's interpretation. The record indicates it was so understood at trial. The agreement was submitted to the law officer in the out-of-court hearing to determine the voluntariness of the accused's proposed plea of guilty and his understanding of its meaning and legal consequences. Referring to the particulars of punishment indicated in the offer, the law officer restated them as follows: "Do you understand . . . the convening authority *has agreed to approve a sentence which does not exceed* a punitive discharge, amounting to a bad conduct discharge, *ten months confinement at hard labor—credit being given for the period of pretrial confinement served?"* (Emphasis supplied.) The accused and his counsel indicated they understood the agreement in that light and were satisfied with it.

The maximum punishment authorized for the offenses charged included a dishonorable discharge and confinement at hard labor for two and one-half years. As the Government observes, the references in the offer to a ten-month limit on forfeitures, as well as confinement, demonstrate that the accused and his counsel did not expect the court-martial to adjudge a lesser period of confinement or a lesser period of forfeitures. The court-martial was more lenient than anticipated. This unexpected result was probably achieved by the quality of the defense sentence presentation, which emphasized the length of the accused's pretrial confinement as the "first" of several factors the court should take "into consideration;" but whatever the reason, the sentence adjudged by the court-martial did not change the meaning of the pretrial agreement. According to its terms, after the convening authority reviewed the sentence, the accused was not to be subject to confinement for more than ten months, less the period of his pretrial restraint. As the district legal officer noted in his post-trial advice to the convening authority, "the sentence imposed by the court . . . is less than that agreed to in the pretrial agreement." Consequently, in approving the sentence, the convening authority did not approve a period of confinement greater than that specified in the agreement. United States v Monett, 16 USCMA 179, 182, 36 CMR 335.[1]

The decision of the board of review is affirmed.

Judge KILDAY concurs.

---

[1] In military practice, pretrial confinement *may* be taken into account by the court-martial and the convening authority. Manual for Courts-Martial, United States, 1951, paragraphs 76 and 88. See also United States v Griffin, 20 CMR 529. Recent changes in Federal civilian criminal law *require* that credit be given for pretrial confinement. 18 USC § 3568. It may perhaps be appropriate for the President, acting under the authority conferred by Article 36(a), Uniform Code of Military Justice, 10 USC § 836, to conform the military practice to that prevailing in the civilian courts.

FERGUSON, Judge (dissenting):

I dissent.

In my opinion, the terms of the pretrial agreement as to the period of confinement to be approved are at best ambiguous. In accordance with our prior decisions, such ambiguities must be resolved in favor of the accused. He here complains of that ambiguity through his counsel, as he did below, and I believe he is entitled to relief. I am not persuaded to the contrary by the reasoning of the majority and, accordingly, register my disagreement.

There is no basic difference between us on the facts of the case. As the Chief Judge points out, the accused's pretrial agreement provided, among other things, for approval of no confinement in excess of "10 mos. confinement at hard labor, credit will be given for the period of pretrial confinement served." The court-martial actually adjudged confinement at hard labor for six months, and the convening authority approved that term without allowing any credit for the three and two-thirds months he languished in confinement before trial.

The only inquiry made at the trial concerning the terms of the pretrial agreement was whether accused understood them as including approval of a sentence which does not exceed "ten months confinement at hard labor—credit being given for the period of pretrial confinement served." The accused replied that he understood the agreement. At no time was he asked what his understanding was, nor did he indicate that he interpreted it to mean he would receive no credit for pretrial confinement if the adjudged confinement was less than the term agreed on.

In my opinion, the agreement is clearly open to the interpretation which accused urges here and which he argued before the board of review, i.e., that whatever the period of confinement imposed, he was to be given credit for the lengthy period he spent in the brig prior to trial. In this connection, it is worthy of note that he complained in the pretrial investigation he had "now been confined awaiting trial for approximately 79 days," and demanded that he "be tried as soon as possible, or that he be released from confinement and be sent back to duty." Cf. United States v Williams, 16 USCMA 589, 37 CMR 209. On agreeing to plead guilty, he stipulated that, while the convening authority was to approve no term of confinement in excess of ten months, he was to receive credit for the prior restriction on his liberty. Such is indicated by the fact the two provisions in the agreement were placed in apposition, as well as the accused's complaint of the failure so to give him credit before the board of review—the first tribunal available to him after the convening authority took his action.

The contrary interpretation which my brothers make, I believe to be untenable. As they view it, the accused was to receive credit for pretrial confinement only if a term of ten months or more imprisonment was adjudged. Under their construction, the accused would have received no credit at all if the court-martial had returned a sentence to confinement for nine months and twenty-nine days, but would have received the appropriate diminution in term if one more day were added. In short, the accused was to serve only six and a third months, if he received ten months, but was to serve nine months and twenty-nine days if the court felt it necessary to be lenient by one day. Such a ridiculous possibility indicates the flaw in my brothers' reasoning and leads me to conclude the accused was to receive credit for his pretrial confinement—a matter of natural concern to him—whatever the sentence to confinement might be. I am reinforced in this view by the fact the Government, contrary to its usual practice, has not come forward with a single bit of evidence indicating either of the parties had a different view of the agreement.

In any event, the terms of the agreement can at best be read either way and, as such, are ambiguous. In this event, it is our duty to resolve the ambiguity in favor of the accused. United States v Hamill, 8 USCMA 464, 24

28

CMR 274; United States v Stovall, 16 USCMA 291, 36 CMR 447. When we do not do so in this case, I suggest we ignore a reasonable construction of the agreement to Clark's detriment. I cannot join in such a decision.

I would reverse the decision of the board of review and remand the case to the convening authority, with directions to take a new action on the case in which credit for accused's pretrial confinement would be given.