UNITED STATES, Appellee

v

LARRY H. VETETO, Private, U. S. Marine Corps, Appellant

18 USCMA 64, 39 CMR 64

No. 21,246

December 13, 1968

*Captain Frank A. Nelson*, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Robert F. Baldwin*, JAGC, USNR.

*Lieutenant H. L. Moore*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche*, USMC.

FERGUSON, Judge:

In return for the accused's plea of guilty to one specification of possession of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, the convening authority agreed to approve no greater sentence than:

"1. Bad Conduct Discharge.

"2. Confinement at hard labor for one year, with six months thereof to be suspended for the period of confinement and six months thereafter with provisions [sic] for automatic remission thereafter.

"3. Forfeiture of all pay and allowances for one year, with forfeiture of six months pay and allowances suspended for the period of confinement and six months thereafter with provisions [sic] for automatic remission thereof."

In addition, the agreement specified that should the court award a sentence which is less, or a part thereof is less, than that agreed upon, the convening authority would only approve the lesser sentence.

Upon his plea the accused was sentenced by a general court-martial convened at Camp Books, DeNang, Republic of Vietnam, to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $65.00 per month for a like period. The convening authority approved the findings and sentence without change and a board of review also affirmed. We granted accused's petition to determine whether the convening authority conformed his action to the pretrial agreement.

The problem presented by the granted issue is the meaning of the pretrial agreement.

The defense contends that all concerned with the pretrial agreement obviously expected the court to award terms of forfeitures and confinement in excess of one year; that the convening authority thereafter would *approve* no more than one year, or less, if that was the case; and regardless of what remained, he would suspend six months thereof. As an example of this view, appellate defense counsel assert that had the court awarded a period of eleven months confinement and forfeitures, the convening authority would have had to approve such a sentence and then suspend six months thereof leaving a remainder of five months to be served and for which forfeitures would be collected. Inasmuch as the court imposed only six months for each category, defense asserts, the convening authority should have approved that sentence and suspended same, leaving only a bad-conduct discharge to be executed. Defense asks that we reverse the opinion of the board of review and order the sentence set aside with provision for reassessment and approval of a sentence not containing forfeitures and confinement at hard labor.

The Government contends that it is clear from the agreement the accused anticipated an approved sentence of not more than one year of confinement and forfeitures, only half of which he expected to serve. Under the sentence of the court, there was nothing to suspend and in light of the convening authority's action, it is asserted, accused has suffered no active penalty greater than he anticipated. In sum, then, the Government alleges, the convening authority conformed to both the letter and the spirit of the agreement, and the result can offend no one's sense of fairness.

This case is strikingly similar to that which pertained in United States v Clark, 17 USCMA 26, 37 CMR 290, decided by this Court last session. Clark pleaded guilty to certain charged offenses in return for an agreement by the convening authority to approve no greater sentence than:

" '1. Punitive Discharge—BCD.

" '2. Confinement or Restraint 10 mos. confinement at hard labor, credit will be given for the period of pretrial confinement served.

" '3. Forfeiture or Fine—Forfeiture of $75.00 per month for 10 mos.

**65**

" '4. Reduction to E-1.' "

Clark was sentenced, following his plea, to a bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. Appellate defense counsel, in *Clark*, supra, asserted that the agreement contemplated the credit for pretrial confinement would be applied against any confinement adjudged by the court-martial, regardless of its duration, and that the convening authority erred in not reducing the six months adjudged by the appropriate amount. The Government contended that the credit for pretrial confinement was to be credited only in the event the sentence provided for ten months or more confinement at hard labor. In a divided opinion, this Court decided that the agreement provided, in essence, that the accused would serve a period of confinement of no more than the amount of time remaining after subtracting the time in pretrial confinement (a then unknown period) from ten months. Consequently, we held that in approving, without change, the adjudged sentence, the convening authority did not approve a period of confinement greater than that specified in the agreement. Cf. United States v Monett, 16 USCMA 179, 36 CMR 335. I disagreed with the majority opinion in *Clark*, supra, because I believed the agreement to be, at best, ambiguous. I would have resolved this ambiguity in favor of the accused. See my dissent in *Clark*, at page 28.

In the case at bar I find no such ambiguity as I believed existed in *Clark*. Whereas Clark, at his pretrial investigation, complained he had " 'now been confined awaiting trial for approximately 79 days,' and demanded that he 'be tried as soon as possible, or that he be released from confinement and be sent back to duty,' " this accused made no such demand.[1] The inclusion in the pretrial agreement, in *Clark*, of a credit clause for the period of pretrial confinement, demonstrated an awareness on both sides of the need to reduce the adjudged sentence by that amount of time. The reason for the suspension clause in this case is not reflected in the document or accompanying discussions. An additional difference is also noted. While Clark agreed only to a credit toward his confinement, this accused was to benefit by suspension of both confinement and forfeitures. Clearly, as the Government contends, the appellant bargained for, and anticipated he would serve, no more than the sentence actually adjudged by the court-martial. There was nothing for the convening authority to suspend.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

[1] The record reflects that Veteto was in pretrial confinement for approximately thirty days.