UNITED STATES, Appellee

v

ROBERT M. FEELY, Corporal,
U. S. Marine Corps, Appellant

19 USCMA 152, 41 CMR 152

No. 21,534

December 24, 1969

*Samuel B. Cinamon, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, and *Lieutenant V. L. Evans,* JAGC, USNR.

*Lieutenant Colonel Charles J. Keever,* USMC, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche,* USMC, and *Lieutenant Ray M. Druley,* JAGC, USNR.

## Opinion of the Court

DARDEN, Judge:

An apparent misunderstanding or misinterpretation of instructions from the individual (civilian) defense counsel by the appointed military defense counsel about the terms of a pretrial agreement by the accused to plead guilty is the principal object of deci-

sion in this case. A related consideration is whether the plea of guilty was made improvident because the law officer did not personally explain the elements of the offense.

The accused was charged with stealing a tape recorder, an electric razor, and Military Payment Certificates from fellow Marines in a combat zone in Vietnam during December 1967. An appointed defense counsel, a Marine Corps Captain qualified as a lawyer in accordance with military law, represented him at the pretrial investigation. This military counsel wrote to the father of the accused to inform him of the charges. Promptly he received notice that a civilian attorney, an associate of the father of the accused, would represent the accused if his case should be referred to trial. Several exchanges of correspondence between the military counsel in Vietnam and the civilian in Boston then followed. Quoting the correspondence *in extenso* would serve no useful purpose at this point. In his correspondence the civilian counsel expressed his hope for a pretrial agreement involving a sentence providing for some confinement and loss of pay but excluding a bad-conduct discharge, or providing for the immediate remission of the discharge at the time the convening authority acted. The original date for the trial was postponed during this correspondence. The military counsel attempted to secure agreement to the immediate remission of any bad-conduct discharge that might be awarded; the convening authority would agree only to suspend a bad-conduct discharge if the court awarded one. The military counsel then discussed the situation with the accused. Later we will refer to a conflict in evidence about what the counsel told the accused about the desires of the civilian counsel and about the contents of the correspondence from him. For now it is enough to note that after this conversation the military counsel submitted an offer of a pretrial agreement that his client would plead guilty in return for an agreement by the convening authority to approve a sentence not ex-

ceeding reduction in grade, confinement at hard labor for eight months, with any excess suspended for the period of confinement and six months thereafter, forfeitures as awarded, with the period of forfeitures for more than eight months suspended for the period of confinement and six months thereafter, and a bad-conduct discharge, suspended for the period of confinement and six months thereafter. At the trial on April 29, 1968, the accused pleaded guilty in accordance with his agreement. The sentence as approved by the convening authority was in accordance with the terms of the agreement.

The then Navy board of review reviewed the record of trial and affirmed the findings of guilty and the sentence. This Court then granted an unopposed motion to remand the case to the board in order that the civilian counsel have an opportunity to appear before the board to argue that the plea was improvidently entered. After such remand and argument the board adhered to its original decision that affirmed the findings and the sentence.

Among other things the board considered affidavits by the accused and by the military counsel that were in sharp conflict on what the accused was informed about his civilian counsel's desires during the conference that resulted in the decision to proceed with the pretrial agreement and a guilty plea. In the exercise of its fact-finding power the board gave more weight to the military counsel's affidavit than to that of the accused. In its opinion the board commented on the difficulty of securing remission or suspension of a discharge for members of the armed forces found guilty of larcenies and the board concluded that the military counsel had followed the desires of the accused and had obtained a favorable sentence. The board was convinced by the military counsel's affidavit that he believed he and the civilian counsel were in agreement on the terms of a pretrial agreement and that he acted in good faith upon that assumption. The board thought the correspondence

from the civilian counsel was so phrased that the agreement proffered effected his desired result.

Article 38(b) of the Uniform Code of Military Justice and paragraph 48*a*, Manual for Courts-Martial, United States, 1951, provide that if the accused has counsel of his own selection, the appointed military defense counsel may act as his associate counsel, if the accused so desires; if the accused does not so desire, the president of the court must excuse the military defense counsel. But the decision to plead guilty, and determination of the circumstances in which such a plea will be entered, must still be made by the accused. Indeed in United States v Donohew, 18 USCMA 149, 39 CMR 149, this Court has indicated the necessity for responses by the accused, not his counsel, to questions about his understanding of his choices of counsel. Similarly in United States v Care, 18 USCMA 535, 40 CMR 247, the Court declared the necessity for a personal interpretation from the accused about the factual basis for his guilt and about his understanding of the elements of the offenses with which he is charged. It would appear that the Court was retreating from the holdings in those cases if we were to decide that an accused could not plead guilty after his options were explained to him. In this case there is a controversy over whether the accused was fully informed of the recommendations by his civilian counsel but the fact-finding instrumentality has resolved this issue against him. We have no reason to overturn the board's finding.

The accused is now in precisely the same status he would have enjoyed had the bad-conduct discharge been remitted immediately by the convening authority instead of its being suspended for the period of confinement and the following six months. From the information in this record it appears that the period of suspension necessarily terminated before June 29, 1969. The Court was informed that the accused was released from active duty as a Lance Corporal and transferred to the Marine Corps Reserve on July 15, 1969. Hence, it is obvious that the punitive discharge was remitted and that vacation of suspension was never effected.

In the absence of immediate remission the accused was required to conduct himself in a manner that would not result in a vacation of suspension, but any argument that this really prejudiced the accused lacks persuasive force. In short, time has rendered this issue moot.

Since the law officer did not personally explain the elements of the offense to the accused, his procedure in examining the accused about the providence of his plea would not meet the standards required by this Court in cases tried thirty days after the decision in United States v Care, supra. In an out-of-court hearing to determine the providence of the plea the law officer did question Corporal Feely extensively about his decision to plead guilty. The accused responded that he knew the elements of the offense to which he pleaded guilty and the military defense counsel responded that he had explained the elements of the offense to the accused. A reading of the record of this out-of-court hearing, together with the testimony of the accused, satisfies us that the plea of the accused was voluntary as discussed in United States v Care, supra.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The question posed by this appeal is whether the accused's pleas of guilty were provident in view of the failure of the military counsel to comply with the positive directions of civilian counsel who was in charge of the proceedings. My brothers do not decide the question on the ground that time has rendered the issue moot. In taking

this position, I believe they err, for, in my opinion, there can be no *practical* solution where a question of adequate legal representation at trial is concerned. See Gideon v Wainright, 372 US 335, 9 L Ed 2d 799, 83 S Ct 792, 93 ALR 2d 733 (1963).

When it became apparent that the accused was to be charged, in Vietnam, with offenses against the Uniform Code of Military Justice, the accused's father retained civilian counsel to represent him. The latter immediately wired the staff judge advocate in Vietnam, through the services of the Marine Corps in Washington, D. C., to enter his appearance as counsel for the accused, to request sufficient time for him to come to Vietnam, and to insure that the accused pleaded not guilty. Thereafter, in a series of letters (see Appendix) between the civilian lawyer and appointed military counsel, the possibility of a negotiated agreement was discussed. At all times, the civilian attorney took the position that he did not desire any agreement which failed to provide for *immediate* remission of the punitive discharge, if one was assessed. If this could not be obtained, the civilian attorney was ready to proceed to Vietnam and to try the case against the accused on a plea of not guilty. He specifically did *not* want his client to undergo a period of probation. Military counsel, however, was only able to obtain an agreement which, among other penalties, provided for the remission of "a bad conduct discharge suspended for the period of confinement and six months thereafter." On April 28, 1968, military counsel, *by letter*, so informed civilian counsel. In addition, he disclosed that he had scheduled the trial for *the following day* and would proceed with the guilty plea based on this agreement. Accused was tried on April 29, 1968, and a plea of guilty entered.

Appellate defense counsel contended before this Court that military counsel acted against the direct instructions of civilian counsel by proceeding to trial in accordance with a pretrial agreement which was in contravention of his authority. I agree.

In a post-trial affidavit, military counsel acknowledged that civilian counsel was in charge of the case. He discussed the terms of the pretrial agreement with the accused and, allegedly, went to trial thereon with the consent of the accused.

In a counter affidavit, the accused asserted that at all times he desired to follow the wishes of civilian counsel, a lifelong acquaintance, and was not aware that the agreement obtained by military counsel had not been approved by civilian counsel. He never saw the letters which passed between counsel and had he known what civilian counsel had written, he would not have entered into the pretrial agreement.

An accused is entitled to be represented before a general or special court-martial by civilian counsel if he so chooses. Article 38(b), Uniform Code of Military Justice, 10 USC § 838. In such an event, the appointed military counsel will, if the accused desires, act in the capacity of associate counsel. Paragraph 48a, Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition). As associate counsel his duties *"are those which the individual counsel may designate."* Paragraph 46d, Manual, supra. (Emphasis supplied.) This rule is especially important where, as here, a guilty plea is entered, for a guilty plea waives all defects not jurisdictional or depriving of due process. United States v Schalck, 14 USCMA 371, 34 CMR 151; United States v Hamil, 15 USCMA 110, 35 CMR 82.

I find it significant that at no time has military counsel contended that he believed the pretrial agreement he secured was in accord with civilian counsel's direction. The fact that the agreement was signed April 27th, civilian counsel was advised thereof *by letter* on April 28th, trial was held April 29th, and the civilian lawyer did not receive the letter until after the date of trial, all indicate that military

**155**

counsel did not have approval from civilian counsel. I am of the opinion that under these circumstances the accused's pleas of guilty were improvident. Cf. United States v Stovall, 16 USCMA 291, 36 CMR 447.

When the case came on for trial, military counsel announced that he would defend the accused by himself. No inquiry was made as to whether the accused had been informed of his right to secure the services of individual counsel under Article 38(b), Code, supra (United States v Donohew, 18 USCMA 149, 39 CMR 149), nor did military counsel inform the law officer that civilian counsel had been retained. Since the law officer was unaware of this fact, he had no basis for inquiring into the reason for civilian counsel's absence (United States v Tavolilla, 17 USCMA 395, 38 CMR 193), or to determine why he, as principal counsel, had not signed the pretrial agreement. I am certain that, had this information been available to the law officer, his inquiry would have disclosed the matters now under consideration (United States v Care, 18 USCMA 535, 40 CMR 247) and would have obviated the necessity for this appeal. He certainly could not have accepted the plea under these circumstances. Article 45(a), Code, supra.

I would reverse the decision of the board of review and order the charges and its specifications dismissed. United States v Sheeks, 16 USCMA 430, 37 CMR 50.

### APPENDIX

Office of the Staff Judge Advocate
3d Marine Division (Rein), FMF
FPO San Francisco 96602
                                8 April 1968

Mr. Samuel B. Cinamon
237 D Street
South Boston, Mass. 02127

Dear Mr. Cinamon:
Thank you very much for your most recent letter. I think there are a few questions that may be answered at this time.

I believe the case was sent to the Commanding General today with the Staff Judge Advocate's Pre-trial Advice Letter. This letter recommended trial by General Court-Martial. The Commanding General's action will be received in the next day or so.

Pursuant to a request by Speaker of the House John McCormack, Robert was examined by the 3d Marine Division psychiatrist on 7 April 1968. I have not received a written report but a conversation with the neuro-psychiatric clinic revealed that Robert was responsible for his actions and capable of standing trial. I will forward a copy of this evaluation as soon as I receive it.

You were curious about a possible predetermined sentence. This is a Pre-Trial Agreement between the accused and the Commanding General. With the agreement the accused pleads guilty to all charges and specifications in return for a guaranteed sentence. The Commanding General being the first review level and having complete discretion with respect to the findings and sentence.

The case still would go to trial and the court would impose sentence. If this turned out to be less than the sentence in the agreement, then the lesser punishment would be imposed.

I feel that a Pre-Trial Agreement providing for a suspended bad conduct discharge and confinement for about six to ten months would be possible. This is based on the very strong defense which we have and the difficulty the government must go to to prove its case. I have taken no action in this matter because of your previous letters.

I will write to you as soon as the case is referred so that we may establish a timetable for the trial. I am sure we will be able to give you more than enough time to travel here and prepare for trial.

If you have any questions concerning

the material I have just covered please let me know.

Sincerely,
/s/ Philip S. Keith
PHILIP S. KEITH
Capt USMCR

---

SAMUEL B. CINAMON
Attorney at Law
237 D Street
SOUTH BOSTON 27, MASS.
ANdrew 8–5800
JAmaica 2–2700
Area Code 617
April 14, 1968

Dear Captain Keith:

I came into my office today in order to do some work on my taxes (procrastination is an occupational disease) and found your letter of April 8th.

You mention a pre-trial agreement providing for "a suspended bad conduct discharge and confinement" etc.

What provisions, if any, would be made for remission of the suspended portion of the sentence? Would the suspended portion take effect after serving the confinement portion?

Is it possible to get confinement alone, without a bad-conduct discharge, suspended or otherwise. Would the convening authority be willing to impose a six or ten months sentence PERIOD. Then Robert would be returned to active duty and that would be the end of the whole business.

I am fearful of the badconduct discharge. That is the complete fear of Robert's father. I am certain that you can understand his feelings which are both that of father and a marine.

There is no question on this end that a punishment not involving a BCD or DD (within reason of course) would be acceptable, and save me a trip.

I took my first shots today. Washington has advised me that April 23rd is the date set for trial and I have informed them that date is completely impossible for me. The notice is much too short and I must arrange my affairs. I have requested June 17th and am waiting to hear.

Let me hear from you. I still have hopes that I will not have to go.

It seems to me that with the strong defense a six months sentence together with the fact that he has apparently already been reduced to private should be satisfactory to all concerned. He could then be returned to active duty. If in the future something else happens it would be a new trial on whatever it was. But that thought of a BCD is absolutely frightening to the family.

I hope that you have had a pleasant holiday (if such it can be called during war) and still that this can be arranged.

Sincerely,
/s/ Samuel

---

SAMUEL B. CINAMON
Attorney at Law
237 D Street
SOUTH BOSTON 27, MASS.
ANdrew 8–5800
JAmaica 2–2700
Area Code 617
16 April 1968

Philip S. Keith
Capt. USMCR
Division Legal Office
3rd Marine Division (Rein), FMF
FPO San Francisco 96602
Re: L/cpl Robert Feely

Dear Captain Keith:

I am writing this letter in an attempt to make my thoughts as clear as possible on a pre-trial agreement. It seems, from your letter of 8 April 1968, that we are almost in complete agreement, and that possibly there is no need for me to go to Vietnam.

I would hope for a pre-trial agreement which would approve only so much of the sentence as provided for confinement at hard labor, total forfeiture, and a reduction.

As to confinement can 6 to 10 months be arranged?

As to punitive discharge can a remission be arranged?

Obviously I am most concerned that there be no punitive discharge hang-

ing over the defendant's head. I want to make certain that after serving his time he can return to active duty for as long as he owes the Corps and then get his Honorable Discharge; that during the period of confinement and thereafter, he does not have hanging over his head the possibility of a BCD or a DD; in so far as reduction and forfeiture are concerned, we could care less.

I have been informed that trial date has been set for 3 May 1968. It is completely impossible for me to arrange my time on this short a notice, There is no fee involved to me on this case. I can not possibly be in Vietnam on 3 May 1968 and have suggested the compromise date of 3 June 1968.

I hope that no trip will be necessary and that you can make a pre-trial agreement which would be satisfactory to all concerned.

This would have the affect of saving the Government a trial (or a comparatively long one, at any rate), and a trip that no one can afford.

Please do what you can and let me know the results so that a decision can be made. What is the best you can get?

If this can be done, in addition to the other letters which will probably pass between us, please let me hear from you when you arrive in Boston.

Sincerely,
/s/ SAMUEL B. CINAMON
SBC/elaf
N. B. Captain—you will note from the psychiatrist's report why this has hit my friend and associate so hard. Please understand.
/s/ SAM

SAMUEL B. CINAMON
  Attorney at Law
      237 D Street
  SOUTH BOSTON 27, MASS.
      ANdrew 8–5800
      JAmaica 2–2700
      Area Code 617
      April 26, 1968

Philip S. Keith
Capt. USMCR
Division Legal Office
3rd Marine Division (Rein), FMF
FPO San Francisco 96602
Re: L/cpl Robert M. Feely
      Service No. 2209210

Dear Captain Keith:
Please let me know what is going on. I haven't heard anything concerning my request for a postponement to June 3rd and am deeply concerned.

If a pre-trial agreement as outlined in my most recent letter to you, with an immediate remission of a punitive discharge is acceptable, please let me know so that I can advise the family.
  If it has been impossible to enter into a mutually satisfactory pre-trial agreement, I must have sufficient notice to enable me to fly to Vietnam. I am informed that my area clearance runs out on the 28th and naturally that will have to be renewed.

I have hope that this has been satisfactorily resolved and that I can meet you in Boston rather than in Vietnam.
              Sincerely,
              /s/ SAMUEL
              SAMUEL B. CINAMON
SBC/elaf

Division Legal Office
3d Marine Division (Rein), FMF
FPO San Francisco 96602
          28 April 1968
Mr. Samuel B. Cinamon
237 D Street
South Boston, Mass. 02127

Dear Mr. Cinamon:
I have submitted the following pre trial agreement in Robert's case: a bad conduct discharge suspended for the period of confinement and six months thereafter; confinement at hard labor for eight months with the excess suspended for the period of confinement and six months thereafter; forfeitures as awarded for eight months and any excess suspended for the period of confinement and six months thereafter; and reduction as awarded. This would be the maximum sentence approved by the Convening Authority,

the Commanding General. This agreement has been approved.

On the basis of your letter I have scheduled the trial for tomorrow and will proceed with a guilty plea. I think we may receive a lighter sentence from the court because of the material we have in extenuation and mitigation. I am particularly going to try to have no discharge awarded by the court.

I am glad to see we have avoided the expense and trouble of a long trip to Vietnam. I am sure that the present agreement places us in as good a position as we would have been had you appeared here. I want to thank you for your assistance in obtaining material for use in extenuation and mitigation. I will let you know tomorrow the results of the trial.

I look forward to meeting you upon my return to Boston.

Sincerely,
/s/ Philip S. Keith
PHILIP S. KEITH
Capt USMCR