UNITED STATES

v.

Private (E–2) Isidro MORRELL, 584–68–1381, U. S. Army, Headquarters and Headquarters Battery, 3d Battalion, 17th Field Artillery, APO New York 09093.

CM 431721.

U. S. Army Court of Military Review.

Sentence Adjudged 24 Jan. 1974.

Decided 24 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Victor A. De Fiori, JAGC. Appellate counsel for the United States: CPT William C. Kirk, JAGC; CPT Raymond M. Ripple, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

BAILEY, Senior Judge:

Consistent with his pleas, the appellant was convicted by a military judge, sitting as a general court-martial, of four specifications of robbery in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. He was sentenced to a dishonorable discharge, confinement at hard labor for thirty-six months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

The following error has been assigned by appellate defense counsel:

THE MILITARY JUDGE ERRED IN VIEWING THE TERMS OF APPEL-LANT'S PRETRIAL AGREEMENT PRIOR TO THE ADJUDICATION OF SENTENCE. THE MILITARY JUDGE WAS INFLUENCED BY THE TERMS OF THAT AGREEMENT WITH THE CONVENING AUTHORITY AND AP-PELLANT WAS, THEREFORE, DE-NIED THE RIGHT TO AN INDEPEN-DENT ADJUDICATION OF AN AP-PROPRIATE SENTENCE.

Examination of the record of trial disclos-es, that the military judge conducted a thorough and extensive inquiry as the cir-cumstances of the appellant's plea. Among other things, he ascertained that the appel-lant understood the difference between the

trial by a general court-martial with members, comparable to a jury and trial by military judge alone, and that he understood the effects of a plea of guilty. In responding to inquiry by the military judge, the trial counsel proffered, as appellate exhibits, the appellant's pretrial agreement with the convening authority. Thereafter, the military judge, by appropriate inquiry, ascertained from the appellant that he understood that, in exchange for his plea of guilty, the convening authority would approve no sentence adjudged by the court in excess of confinement at hard labor for one year, forfeiture of all pay and allowances, bad-conduct discharge, and reduction to the grade of Private E–1. In short, pertinent here, the military judge examined the quantum portion of the agreement prior to adjudging an appropriate sentence.[1]

Appellate defense counsel contend that the military judge was influenced by the terms of the pretrial agreement. This assertion is bottomed upon results of a survey of all the guilty plea cases which happened to be present in the Defense Appellate Division on 1 October 1974, which involved pretrial agreements where the case was heard by military judge alone. The array of statistics which resulted from the survey need not be set forth here. Suffice it to note that, appellate defense counsel, in sum, reached the conclusion that an accused appearing before a judge who does not examine the quantum portion of the pretrial agreement, prior to adjudging sentence, has a 28.4 per cent chance of obtaining a sentence less than the agreement, but if the accused appears before Judge Hunt, the military judge with whom we are here concerned, he has only a 9.8 percent chance of obtaining a lesser sentence. These figures, they argue, indicate more than a mere reasonable risk that knowledge of the sentence provision of the pretrial agreement inclines the military judge to abstain from adjudging a less severe sentence, than he would otherwise impose. They, therefore, contend that a rehearing on the sentence in the instant case is required. We do not agree.

■ It is now well established that the military judge must be satisfied that an accused understands the meaning and effect of his plea. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Part of the judge's inquiry is necessarily directed to the accused's understanding of the punishment to which he will be subject as a result of his plea of guilty. *United States v. Turner,* 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968). Disagreement as to the meaning and scope of the sentence provision in a pretrial agreement is not uncommon. *United States v. Veteto,* 18 U.S.C.M.A. 64, 39 C.M.R. 64 (1968); *United States v. Clark,* 17 U.S.C.M.A. 26, 37 C.M.R. 290 (1967). There is, therefore, good reason for the military judge to determine that the accused understands the sentence provision of the pretrial agreement.

In *United States v. Razor*[2] the view was expressed that it is a matter of discretion with the military judge as to whether he should examine the quantum portion of the pretrial agreement before he adjudges an appropriate sentence. "Only upon a showing that the military judge abdicated his responsibility to adjudge, independently, an appropriate sentence," the court noted, can there be said to be an abuse of discretion warranting a rehearing on the sentence. There the court also quite appropriately observed that, unlike members of a court-martial, the military judge is presumed to know, when trying a case alone, what he can consider and to consider only that which is proper when adjudging the sentence.

In a similar vein, the court majority in *United States v. Villa,*[3] held that, at a trial by military judge alone, it is not error for the military judge to examine the contents

---

1. Records of more recent guilty plea cases wherein Judge Hunt served as the military judge indicate that he has discontinued this practice. *United States v. Dozier,* No. 433584 (A.C.M.R. 4 September 1975); *United States v. Rose,* No. 433464 (A.C.M.R. 29 August 1975).

2. 41 C.M.R. 708 (1970), *affirmed,* 19 U.S.C.M.A. 570, 42 C.M.R. 172 (1970).

3. 19 U.S.C.M.A. 564, 42 C.M.R. 166 (1970).

of a pretrial agreement between the accused and the convening authority as part of his inquiry into the providence of the accused's plea of guilty. There, quite apropos here, the late Chief Judge Quinn, speaking for the majority, stated:

"The remarks and the actions of Judge Hunter in this case demonstrate an independent approach to the sentence. We perceive no reasonable risk that other trial judges would be any less independent and impartial because they knew the sentence terms of a pretrial agreement. We conclude, therefore, that there is no reasonable risk that knowledge of the sentence provision of a pretrial agreement would incline the military judge to abstain from adjudging a less severe sentence than he would otherwise have imposed." *Id.* 42 C.M.R. at 169.

Here, while appellate defense counsel are to be commended for their diligence and concern, we are constrained to agree, as urged by appellate government counsel, that the above-mentioned survey, and the conclusions reached therefrom, cannot be used to measure the actions of the military judge. The rule enunciated in *United States v. Villa, supra,* is dispositive of the legality of the judge's inquiry into the provisions of the pretrial agreement. Judge Hunt's independent approach to the sentence in the instant case, when combined with his judicial integrity as otherwise demonstrated here, and in other judicial proceedings, do not warrant our concluding that he was influenced by knowledge of the sentence provision of the pretrial agreement.

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge COOK concur.