**Sergeant Charles L. THOMAS, FR 587–60–9425, USAF, Petitioner,**

v.

**UNITED STATES, Respondent.**

**Miscellaneous Docket No. 79–1.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Dec. 1978.

Decided 23 Aug. 1979.

Appellate Counsel for the Accused: Lieutenant Colonel Larry G. Stephens, and Captain Wade B. Morrison.

Appellate Counsel for the United States: Lieutenant Colonel James P. Porter.

Before EARLY, HERMAN and ARROWOOD, Appellate Military Judges.

## DECISION

**PER CURIAM:**

Petitioner was arraigned on and pleaded not guilty to a charge of murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. A general court-martial found him guilty of the lesser offense of negligent homicide, in violation of Article 134, Code, 10 U.S.C. § 934, supra. He was sentenced to a bad conduct discharge, confinement at hard labor for one year, total forfeitures, and reduction to the grade of airman basic. The convening authority eliminated the forfeitures, but otherwise approved the sentence as adjudged. The case is currently pending before this Court pursuant to Article 66, Code, 10 U.S.C. § 866, supra. However, petitioner, prior to filing pleadings in the Article 66 review, requested that this Court order his release from confinement or, alternatively, direct respondent to credit petitioner for 72 days pretrial confinement.

Appellate defense counsel argue that the sentence, insofar as it provides for one year confinement at hard labor, will result in punishment which exceeds the maximum punishment authorized for negligent homicide in the Table of Maximum Punishments, Manual for Courts-Martial, 1969 (Rev.), paragraph 127c. The crux of this argument is that the one year confinement adjudged plus the 72 days pretrial confinement equal a sentence greater than the one year maximum set forth in the Table.

In the exercise of its discretion in adjudging a sentence, a court-martial may consider, among other things, the nature and duration of any pretrial restraint. Manual, supra, paragraph 76a. There is no requirement that the court credit the accused for any time spent in pretrial confinement. See *United States v. Clark*, 17 U.S. C.M.A. 26, 37 C.M.R. 290 (1967). Pretrial confinement is not part of a sentence; therefore, it is clearly within the power of a court-martial to adjudge a maximum allowàble sentence even though the accused may

have spent some time in pretrial confinement.

■ Examining the record of trial, we find that the court could reasonably conclude that the circumstances of this case warranted imposition of the maximum sentence on petitioner. We find no abuse of the court's discretion that would justify our interference with the sentence.

Appellate defense counsel cite a Department of Defense instruction which they claim requires the military to credit pretrial confinement in the same manner as the Department of Justice. We note that the statute on which the Justice Department pretrial confinement credit provision is based specifically exempts courts-martial. See 18 U.S.C. section 3568. We also note that the language of the cited instruction has been in effect since (at least) 1955, during which time the Court of Military Appeals has held on at least three occasions that "the convicted accused in our system is not entitled by right to credit on his sentence for pretrial confinement." *United States v. Larner*, 1 M.J. 371, 374 n.11 (C.M.A.1976), citing *United States v. Blackwell*, 19 U.S.C.M.A. 196, 41 C.M.R. 196 (1970). See also *United States v. Clark*, supra.

Additionally, the Defense Department directive predated the statutory Justice Department pretrial confinement credit requirement and thus the directive cannot be said to incorporate by reference the Justice Department requirement.

■ We note that the Navy Court of Military Review has recently considered the same Defense Department directive with respect to pretrial confinement, and we agree with that court's conclusion that the directive does not create a mandatory requirement to credit pretrial confinement. See *United States v. Corl*, 6 M.J. 914 (N.C.M.R.1979) and *Hart v. Kurth*, 5 M.J. 932 (N.C.M.R.1978).

Accordingly, the petition is denied.