HARLAN J. FISCHER, Airman First Class,
U. S. Air Force, Petitioner

v

WILLIAM B. KIEFFER, Lieutenant General, Commanding
General, Eighth Air Force, U. S. Air Force,
Respondent

19 USCMA 117, 41 CMR 117

Miscellaneous Docket No. 69–34

December 12, 1969

*David Burres, Esquire,* counsel for Petitioner.
*Colonel James M. Bumgarner* and *Major Robert L. Bates,* counsel for Respondent.

## Opinion of the Court

QUINN, Chief Judge:

The petitioner seeks to enjoin his transfer from a base confinement facility to the United States Disciplinary Barracks, Fort Leavenworth, Kansas. He was convicted by a general court-martial of several offenses in violation of the Uniform Code of Military Justice and is awaiting appellate review of the conviction.

Petitioner's contentions as to the illegality of the transfer are substantially similar to those in Reed v Ohman, Commander, Headquarters Command, United States Air Force, 19 USCMA 110, 41 CMR 110, decided this day. For the reasons set out in our opinion in *Reed,* we conclude that the proposed transfer does not violate Article 71, Code, supra, 10 USC § 871. It is also alleged that the petitioner is in a "state of physical debility," resulting from a "form" of meningitis for which he was hospitalized, and that to subject him to restraint as rigorous as that provided at the Disciplinary Barracks is an abuse of discretion. See Article 13, Code, supra, 10 USC § 813; Levy v Resor, 17 USCMA 135, 37 CMR 399. The petitioner maintains he has applied for leave to present evidence of his physical condition and "other circumstances" to the convening authority but "such permission has not yet been granted." The Government represents that "in determining the nature and place of restraint, every consideration *will be* given to petitioner's medical condition." (Emphasis supplied.) The accused's physical condition is indeed an appropriate subject of consideration in determining the nature of post-conviction restraint (Reed v Ohman, supra), and the petitioner may properly present such evidence directly to the convening authority. Since the issue has not yet been determined, however, there is, manifestly, no basis for charging an abuse of discretion.

The petition for relief is denied, without prejudice to such other future proceedings as may be warranted by existing circumstances.

Judge FERGUSON concurs.

DARDEN, Judge:

I concur. See my separate opinion in Reed v Ohman, Commander, Headquarters Command, United States Air Force, 19 USCMA 110, 41 CMR 110.