UNITED STATES, Appellee

v

KIMBLE J. MOORE, Private, U. S. Marine Corps, Appellant

19 USCMA 274, 41 CMR 274

No. 22,347

March 6, 1970

*Commander E. M. Fulton, Jr.*, JAGC, USN, argued the cause for Appellant, Accused.

*Captain Patricia A. Murphy,* USMC, argued the cause for Appellee, United States.

## Opinion

QUINN, Chief Judge:

A general court-martial at Camp Pendleton, California, convicted the accused of desertion terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for eighteen months. The convening authority approved the sentence, but provided for suspension with automatic remission after the period of suspension. On this appeal, the accused contends the convening authority's action so "shamefully and flagrantly violated" a pretrial agreement as to justify reversal of the findings of guilty and dismissal of the charge.

Several weeks before trial, the accused submitted to the convening authority an offer to plead guilty. He indicated he had consulted with his lawyer and fully understood the meaning, effect, and consequences of his proposed plea. The offer also indicated that the following sentence would be "agreeable" to the accused:

"1. Punitive Discharge: Bad Conduct Discharge

"2. Confinement or Restraint: Confinement at hard labor for twenty-four (24) months

"3. Forfeiture or Fine: Total Forfeiture of all pay and allowances

"4. Reduction: Not applicable

"5. All unexecuted portions of the sentence except reduction in grade shall be suspended for a period of fifteen (15) months, such suspension to take effect upon the date of the convening authority's action."

On December 3, 1968, the court-martial, as noted above, sentenced the accused to a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for eighteen months. On February 17, 1969, the convening authority approved the conviction. In material part, his action provides as follows:

"[T]he sentence is approved and ordered executed, but the execution of all portions of the sentence is suspended for the period of confinement and 15 months from the date of this action, at which time, unless sooner vacated, the suspended sentence will be remitted without further action."

The accused excoriates the convening authority for taking seventy-six days to review the record and promulgate his action. He contends this period for review was inordinate and deprived him of due process because he was kept in confinement when he should have been at liberty. Two concessions, however, substantially narrow the metes and bounds of the contention. First, the accused concedes the convening authority had at least a reasonable time to complete his review; that period, whatever it may be, would necessarily be deducted from the seventy-six days that elapsed between the imposition of the sentence by the court-martial and the convening authority's action. Secondly, improper post-conviction restraint would not normally justify reversal of valid findings of guilty. United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969).

On its face, the agreement is not a model of clarity or completeness. It does not, for example, specifically provide for automatic remission of the unexecuted portion of the sentence at the end of the probationary period (see Manual for Courts-Martial, United States, 1951, Appendix 14c, Forms 39 and 40, at page 548), but automatic remission was probably

**275**

intended.[1] Also, the meaning of the phrase "[a]ll unexecuted portions" of the sentence is not clear without reference to extraneous circumstances and the power of the convening authority to execute components of a sentence in his initial action. Thus, the agreement provided for forfeiture of pay and allowances. Suspension of execution of the discharge and the confinement portions of a sentence allows the convening authority to order the remaining parts into execution. Article 71, Code, supra, 10 USC § 871; Manual for Courts-Martial, supra, paragraph 88d. However, the accused has a wife and two infant children and it is highly unlikely he contemplated loss of all pay and allowances during the probationary period. See United States v Trawick, 10 USCMA 80, 27 CMR 154 (1958); United States v Jobe, 10 USCMA 276, 27 CMR 350 (1959). Fortunately, the staff judge advocate construed the suspension provision as applicable to "the entire sentence" and as requiring automatic remission at the end of the probationary period, and the convening authority accepted this construction as the basis for his action. See United States v Owens, 15 USCMA 591, 36 CMR 89 (1966).

Measured by the language of the pretrial agreement, the operative provisions of the convening authority's action contain no omissions or contradictions. Under the agreement the accused was to be free of all punishment for a probationary period of fifteen months from the date of the convening authority's action; and if the suspension was not vacated before expiration of the probationary period, the entire sentence was to be remitted. The convening authority's ■ action provides precisely for those results. True, the action also ordered the sentence "executed," but this decretal was not only nullified by the suspension provision, but was contrary to the limitations on execution prescribed by Article 71. United States v Watkins, 2 USCMA 287, 8 CMR 87 (1953).[2] The accused insists, however, that the agreement includes an "implied" provision as to the effective date of the action which was violated by the convening authority.

Nothing in the agreement obligated the convening authority to complete his review of the record in a particular time. Also, nothing in the agreement required the convening authority to dismiss the charge if he failed to complete his review within a specified time. The accused contends he intended, and the convening authority must have understood, that the review was to be completed "with reasonable dispatch." If that was the intent of the agreement, the obligation imposed upon the convening authority was not materially different from the convening authority's inherent responsibility to dispose of a matter before him in the shortest time consistent with the interests of justice. United States v Tucker, 9 USCMA 587, 26 CMR 367 (1958). When there is delay in ■ review of a conviction, any resultant harm to the accused may, as noted earlier, ordinarily be corrected by less drastic remedies than reversal of the find-

---

[1] Pretrial agreements generally originate, as this one did, with the accused and his counsel. They know best what sentence is "agreeable" to the accused. The language they choose to express their intentions should be explicit. Too often, however, there are subsequent disputes as to the meaning of particular provisions. See United States v Clark, 17 USCMA 26, 37 CMR 290 (1967); United States v Brice, 17 USCMA 336, 38 CMR 134 (1967). The staff judge advocate, trial counsel, and defense counsel should review the text and intention of a pretrial agreement with extreme care before it is submitted to the convening authority.

[2] Apparently a model form of action providing for execution of part of the sentence was inadvertently used in place of the form providing for suspension of the entire sentence. See Manual for Courts-Martial, United States, 1951, Appendix 14c, Form 40.

ings of guilty and dismissal of the charge. United States v Nelson, supra; see also Walker v United States, 19 USCMA 247, 41 CMR 247 (1970). Several remedies in fact exist in connection with the specific complaint of this accused.

Essentially, the accused's complaint is that he was kept in confinement while the convening authority "sat" on the record for seventy-six days. The record does not directly indicate post-conviction restraint. The opinion of the board of review, however, refers to the accused being "kept . . . in confinement" between adjudgment of the sentence by the court-martial and the action of the convening authority, and the accused's petition for grant of review alleges he was confined "during this time." The Government has not denied the correctness of the board of review's statement or disputed the correctness of the accused's assertion, although some evidence in its appellate exhibits tends to indicate the accused was at liberty for at least part of the time. For the purpose of this appeal, it may be assumed the accused was confined to await the action of the convening authority.

Reed v Ohman, 19 USCMA 110, 41 CMR 110 (1969), discusses post-conviction confinement pending review of the record of trial. The Court pointed out that post-conviction restraint may be ordered by either the accused's commanding officer on report of trial counsel as to the results of trial or by the convening authority. The record does not indicate who made the decision in this case. Also, there is no indication of the matters which were considered in the decision. It might be supposed that since the entire sentence was to be suspended there was no real need to impose any restraint, much less confinement, pending the convening authority's action on the case. It may be that confinement was directed by the accused's commander on the basis of trial counsel's report of the result of trial and without knowledge of the pretrial agreement for suspension of the sentence. See Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967). Right or wrong, the decision to confine pending review is not now challenged by the accused. His complaint is only that the period of confinement should have ended earlier. He has not, however, attempted to fix the beginning or the length of the allegedly unreasonable period of confinement.

In affirming the sentence approved by the convening authority, the board of review noted that the provision for suspension did not affect the accused's right to credit on the period of confinement for all the time between imposition of sentence by the court-martial and the date of the convening authority's action. Under Article 57(b), Code, supra, 10 USC § 857, that credit accrued regardless of whether the accused was at liberty or in confinement pending review of the case by the convening authority. If the period of post-conviction confinement was unreasonable, the accused may perhaps be entitled to additional credit. United States v Nelson, supra. However, the circumstances of the case strongly indicate there may be no need to calculate the exact amount of credit.

The period of suspension has almost run its course. It may expire, and the entire sentence may be remitted, long before a hearing can be held to determine whether there was an unreasonable period of detention because of unconscionable neglect or design by the convening authority. See United States v DuBay, 17 USCMA 147, 37 CMR 411 (1967). In this situation, it is neither necessary nor desirable to order further proceedings which may turn out to be entirely useless. Cf. Fischer v Kieffer, 19 USCMA 117, 41 CMR 117 (1969); United States v Feely, 19 USCMA 152, 41 CMR 152 (1969). It will be time enough to take further action if the suspension is vacated, and the punishment adjudged by the court-martial is sought to be imposed. See Walker v United States, supra.

The decision of the board of review is affirmed.

FERGUSON, Judge (concurring in the result):

I concur in the result.

It may well be, as the Chief Judge implies, that the question before us is moot, at least insofar as matters now stand. However, I believe that additional comments are in order.

Prior to trial, the convening authority accepted the accused's offer to plead guilty. The offer provided that in return for the plea, the convening authority would approve no more than a certain specified sentence and would suspend, for a period of fifteen months, all unexecuted portions of the sentence, including the confinement, except the reduction in grade. The suspension was "to take effect upon the date of the convening authority's action." In accordance with the agreement the accused pleaded guilty on December 3, 1968. The convening authority did not take action on the record until February 17, 1969. During this seventy-six-day period, the accused was kept in confinement.[1] It is now contended by the appellant that the convening authority's inaction for seventy-six days violated the intent of the pretrial agreement.

Since the convening authority was obliged by the terms of the pretrial agreement to suspend the confinement portion of the sentence, along with the remainder, I perceive no justification for retaining the accused in confinement after his conviction in view of the fact that such confinement can be no more rigorous than that required to insure the presence of the adjudged prisoner during appellate review. Reed v Ohman, 19 USCMA 110, 41 CMR 110 (1969). Since the confinement must not be punitive in nature,[2] what then could have been the reason or purpose thereof? The Chief Judge, in his opinion, also recognizes this anomaly but does not pass on the issue because he feels that, "Right or wrong, the decision to confine pending review is not now challenged by the accused."

I disagree with that assessment for I believe that the decision to retain the accused in confinement after his trial is central to the issue before us. Had the accused not been confined, it would have made little difference in the total context of this case when the convening authority acted on the record. Specifically, the accused alleges that he was confined for an unconsionable period of time waiting for the convening authority to take the precise action which both knew must be taken.

Under the particular circumstances of this case and in light of the provisions of the pretrial agreement, the purpose of the accused's post-trial confinement not appearing on the record (Reed v Ohman, supra), I believe that the period of time between the date of trial and the action of the convening authority was too long. See United States v Tucker, 9 USCMA 587, 26 CMR 367 (1958).

Insofar as relief for the accused is concerned, I agree with the Chief Judge that "It will be time enough to take further action if the suspension is vacated, and the punishment adjudged by the court-martial is sought to be imposed. See Walker v United States, . . . [19 USCMA 247, 41 CMR 247 (1970)]."

DARDEN, Judge (concurring in the result):

During the period between trial and action by the convening authority, a four-man review section at Camp Pendleton, California, processed records of one hundred and sixty-five inferior courts-martial, eighty-five special courts-martial involving punitive discharges, and twenty-three general courts-martial. If there had been

---

[1] The accused was also confined for one hundred and eight days prior to trial.

[2] See my separate opinions in Dale v United States, 19 USCMA 254, 41 CMR 254 (1970), and Walker v United States, 19 USCMA 247, 41 CMR 247 (1970).

any intent to impose confinement on the accused, the convening authority presumably would have refused to enter into the pretrial agreement. In my opinion, the delay was not so inexplicable or oppressive as to demand relief, and I join in affirming the decision of the board of review.