UNITED STATES, Appellee

v

GEORGE W. DANIELS, Private First Class,
U. S. Marine Corps, Appellant

19 USCMA 518, 42 CMR 120

No. 22,252

July 2, 1970

Leon E. Irish, Esquire, argued the cause for Appellant, Accused. With him on the brief were Edward F. Sherman, Esquire, Melvin L. Wulf, Esquire, and Captain William D. Palmer, USMC.

518

*Lieutenant James E. Akers,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

DARDEN, Judge:

Following his conviction by a general court-martial for offenses laid under Article 134, Uniform Code of Military Justice, 10 USC § 934, the appellant was transferred to the United States Naval Disciplinary Command, Portsmouth, New Hampshire, for temporary custody pending appellate review. On August 28, 1969, the Commandant, First Naval District, deferred *service of the sentence* to confinement and forfeitures pursuant to the provisions of Article 57(d), Code, supra, 10 USC § 857(d). The appellant was then transferred to the Service Battalion, Marine Corps Base, Quantico, Virginia, for duty. On April 27, 1970, the officer exercising general court-martial jurisdiction in the latter command rescinded the above-mentioned deferment and directed that the appellant be returned to the custody of the United States Naval Disciplinary Command, Portsmouth, New Hampshire, pending completion of appellate review. After counsel for appellant protested that appellant had received no notice of the intent to rescind and had no opportunity to submit favorable matter or to oppose unfavorable material, the officer exercising general court-martial jurisdiction over the appellant granted counsel until May 5, 1970, to submit any matter he desired in writing. Counsel requested a further delay in this date until May 13. A delay until May 6 was granted. Counsel for appellant then sought from this Court a temporary restraining order against the transfer of the appellant to the Naval Disciplinary Command, United States Naval Base, Portsmouth, New Hampshire. The Court ordered that the appellant be retained at Quantico until further order of the Court and that the Commandant of the Marine Corps Base at Quantico show cause why the order directing revocation of deferment of service of sentence and incarceration of the appellant should not be vacated and the deferment of sentence reinstated.

For the reasons stated in my separate opinion in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970), the Court is not unanimous in viewing consideration of extraordinary relief in these circumstances as being in aid of its jurisdiction. As in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), however, the majority position results in the Court's addressing itself to the merits of the petition.

The briefs and accompanying affidavits submitted by the appellant and the appellee show that during the time appellant has been stationed at the Marine Corps Base, Quantico, Virginia, he has had five periods of unauthorized absence for which he has received nonjudicial punishment on three occasions. The Commanding General of the Marine Corps Base at Quantico asserts that his recision of the deferment was based on three periods of unauthorized absence. The appellant contends that although these three unauthorized absences are the stated reason for the recision, the real reasons are that the appellant's battalion commander resented the appellant's having filed an official complaint against the commander for language he used in an interview and that the superior officers of the appellant resent activities he considers as constituting the exercise of his privilege of free speech but which they consider as "proselytyzing [sic] and propagandizing" the troops, resulting in a deterioration of morale and discipline within his unit. Counsel for appellant stress that of the three unauthorized absences cited as the basis for the recision, the last of the three occurred about eight weeks before the deferment was rescinded. They also invite our attention to statements by the officer initially recommending recision that although the unauthorized absences provided the legal basis for revoking the

**519**

deferment his recommendation that the deferment be revoked was a direct result of a deterioration in discipline and morale caused by appellant's effect upon other members of his unit.

The appellee contends that not until April 24, 1970, did the Commanding General, Marine Corps Base, Quantico, know of the unauthorized absences attributed to appellant and that within three days of his having such knowledge the Commanding General acted to rescind the deferment. An affidavit of the Commanding General states that as a result of his considering the unauthorized absences he concluded that there was a fair risk the absences might continue and that the appellant might flee to avoid service of his sentence. In this connection, paragraph 88*f* of the Manual for Courts-Martial, United States, 1969 (Revised edition), in giving examples of reasons deferment should not be granted *initially* includes (1) when the appellant may be a danger to the community, and (2) when the likelihood exists he may repeat the offense or flee to avoid service of sentence. We view the Manual illustrations as being only illustrative, even on the initial granting of a deferment, and not as limiting the reasons a deferment may be rescinded.

In Reed v Ohman, 19 USCMA 110, 114, 41 CMR 110 (1969), this Court declared that:

". . . [S]ince the accused's freedom is involved, it would appear that, regardless of specific statutory authority, he should have the opportunity to submit matter favorable to himself or to oppose unfavorable material before the decision-making authority, including the probability of reversal or substantial modification of the conviction."

*Reed* involved an issue not relating to revocation of deferment under Article 57(d) of the Code but a request for release from confinement or prevention of transfer to the Disciplinary Barracks at Fort Leavenworth, Kansas, pending appellate review. That case involved a construction of Article 13, Code, supra, and paragraph 21*d*, Manuals for Courts-Martial, United States, 1951, and 1969. We have not held that the statement from *Reed* quoted above controls a recision of deferment under Article 57(d) of the Code. The order revoking the deferment was issued without notice to the appellant, but when appellant's counsel protested the order was reconsidered and appellant's counsel was given an opportunity to submit material in his behalf. Hence the requirements of *Reed* were met.

Reasonable men might differ in their judgments of whether five unauthorized absences, all of them for fairly brief periods, were enough basis for rescinding a deferment or on whether such absences indicated a likelihood that appellant might flee to avoid service of his sentence. We cannot say, however, that a reasonable person could not find that either or both of these considerations were sufficient to rescind the deferment. Consequently, we cannot say that the decision to *rescind* the deferment under Article 57(d) of the Code constituted an abuse of discretion. The petition is denied. The temporary restraining order of this Court dated May 6, 1970, is vacated.

Chief Judge QUINN and Judge FERGUSON concur.