ANGUS T. HURT, Specialist Five, U. S. Army, Petitioner

v

UNITED STATES; HOWARD H. COOKSEY, Brigadier General,
Commanding General, U. S. Army Training Center, Infantry
and Fort Dix, Fort Dix, New Jersey; Honorable
STANLEY R. RESOR, The Secretary of
the Army; and Honorable MELVIN
R. LAIRD, The Secretary of
Defense, Respondents

19 USCMA 584, 42 CMR 186

Miscellaneous Docket

No. 70–53

July 27, 1970

*Captain John W. Hart,* counsel for Petitioner.

## Memorandum Opinion of the Court

On December 4, 1968, a general court-martial convicted petitioner of unpremeditated murder and imposed a sentence which was approved and affirmed below. Upon petition for grant of review, we reversed this conviction and ordered a rehearing. United States v Hurt, 19 USCMA 206, 41 CMR 206 (1970). Thereafter, petitioner received his full pay and allowances becoming due between the date of action by the convening authority and February 24, 1969, the date his enlistment expired. Efforts made by his civilian counsel to obtain pay and allowances for the period following the latter date have proved fruitless.

Petitioner now submits two separate petitions. The first seeks a Writ of Habeas Corpus predicated on his contention:

"That since petitioner is past his term of enlistment and since the application of the policy set forth in the applicable Army pay regulation deprives petitioner of receiving a fair trial and does not give him equal protection of the law, the United States Army is without jurisdiction to try petitioner."

The second petition seeks the alternative relief of a Writ of Mandamus directing respondents to deliver to petitioner full pay and allowances from February 24, 1969, until the further order of this Court.

The decision of military authorities

to deny petitioner pay and allowances for the period stated is predicated upon provisions of the Department of Defense Military Pay and Allowances Entitlements Manual, and decisions of the Comptroller General. That decision is an administrative determination, not an integral part of proceedings of a court-martial. As such it is not a proper subject for review by this Court under its extraordinary powers granted by 28 USC § 1651(a). Marshall v Laird, 18 USCMA 652 (1969); In re Taylor, 12 USCMA 427, 31 CMR 13 (1961). Cf. United States v Koleff, 16 USCMA 268, 36 CMR 424 (1966).

Accordingly, the petitions are dismissed.