LOUIS A. LOPEZ, JR., Private, U. S. Army, Petitioner

v

STANLEY R. RESOR, Secretary of the Army; and Commanding Officer, Long Binh Stockade, Respondents

21 USCMA 7, 44 CMR 61

 

*Lorenzo Casanova, Esquire,* Counsel for Petitioner.

## Memorandum Opinion of the Court

Private Louis A. Lopez, Jr., has filed this Petition for Writ of Habeas Corpus, seeking his release from the United States Army Vietnam Installation Stockade, Long Binh, Vietnam.

The following facts appear from the petition and supporting exhibits:

On February 20, 1971, petitioner was confined pending disposition of charges against him. Ultimately, charges, alleging that he uttered threats against his superior officer and noncommissioned officer, and was absent without leave for a period of time, violations of Articles 134 and 86, respectively, Uniform Code of Military Justice, 10 USC §§ 934 and 886, were referred to trial by special court-martial. On March 18, 1971, he was convicted as charged. The court, considering evidence of one prior conviction, imposed a sentence of bad-conduct discharge, confinement at hard labor for five months, and a forfeiture of $90.00 of his pay per month for five months. This sentence was approved June 24, 1971.

Petitioner now seeks his release from confinement upon the following grounds:

1. Continuing him in a status of confinement is illegal, for

(a) Under Article 13, Uniform Code, supra, 10 USC § 813, a person "being held for trial or the result of trial" may be held in arrest or confinement only if such arrest or confinement is necessary to insure his presence; that since there has been no determination by appropriate authority that his confinement is necessary to prevent flight from the jurisdiction or that petitioner may be a danger to the community, the decision to continue his confinement is unfounded.

In Levy v Resor, 17 USCMA 135, 37 CMR 399 (1967), this Court held that post-conviction confinement is not violative of Article 13, unless it affirmatively appears that the determination to confine is characterized as an abuse of discretion. No such abuse appears here. Moreover, Article 57(d), Uniform Code, supra, 10 USC § 857(d), provides that on application by an accused who is under sentence to confinement, as is the petitioner herein, the officer exercising general court-martial jurisdiction over the command may defer service of the sentence until it is ordered into execution. In this case it is not alleged, nor does it otherwise appear, that petitioner has applied for deferment of the service of the confinement portion of his sentence. Since he has not availed himself of this possible remedy below, he may not be afforded relief on this ground under the All Writs Act, 28 USC § 1651(a).

(b) Article 71(c), Uniform Code, supra, 10 USC § 871(c), prohibits execution of any sentence which includes, inter alia, an unsuspended bad-conduct discharge prior to the completion of appellate review. Since, argues petitioner, such review has not been completed, his present confinement is illegal.

Our disposition of this contention is governed by the opinion in Reed v Ohman, 19 USCMA 110, 41 CMR 110 (1969). There we held that confinement pending appellate review is not violative of Article 71(c), supra.

Petitioner further avers that the circumstances of his confinement are the same as those characterizing confinement of sentenced prisoners, and that the confinement policies at Long Binh have denied him equal protection of law and have subjected him to invidious discrimination based on race in the terms and conditions of confinement.

Each of the matters complained of may be reached and remedied during the normal course of appellate review. United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969). In the circumstances of this case they do not rise to the extraordinary level permitting invocation of extraordinary relief. Gale v United States, 17 USCMA 40, 37 CMR 304 (1967).

Petitioner's final contention is that the convening authority's failure to act upon the record of his trial until more than three months subsequent to trial, and shortly before confinement was completed, denied him due process of law, and negates his statutory right of appeal.

This matter may also be noted and remedied during the normal course of appellate review.

In view of the foregoing, said petition is denied without prejudice to the right of petitioner to raise the same issues before the Court of Military Review, and thereafter in a petition for review filed in this Court should such a petition be considered necessary and advisable.

Chief Judge DARDEN would dismiss the petition.