**UNITED STATES**

v.

**Airman Basic Eric D. MORRIS, FR 524–86–3306, United States Air Force.**

**ACM S24882.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1979.

Decided 18 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Tried by a special court-martial with members, the accused was found guilty, in accord with his pleas, of two specifications of absence without leave, one for a period of two days, and the other for a period of over nine months, both in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The adjudged and approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $149.00 per month for three months.

■■■ While our examination of the record ultimately discloses no error prejudicial to the accused we reach this conclusion only by examination of an intricate chain of error related to the deferment of the accused's confinement. Initially, the accused requested, and the convening authority approved, deferment of the confinement from the day of trial, 14 December 1979, through 15 January 1980. On 11 January 1980 the accused requested an extension of the deferment "until final action designating the place of confinement is taken."[1] Despite its ambiguity this request was also approved by the convening authority. When the convening authority took action on the case, on 28 January 1980, he stated: "[t]he service of the sentence to confinement at hard labor for four months was deferred on 14 December 1979 and will not begin until such time as the sentence is ordered into execution, unless such deferment is sooner rescinded." In his action on 1 February 1980 the supervisory authority stated: "[t]he service of the sentence to confine-

ment at hard labor for four months was deferred on 14 December 1979 and the deferment is rescinded effective this date."[2]

No issue arises as to the initial deferment to 15 January 1980. Despite the ambiguity in the requested extension of that deferment, we find the reasonable expectation of both the accused and the convening authority was that the deferment would terminate automatically when the supervisory authority's action ratified or designated a place of confinement. This conclusion is bolstered by the fact that no complaint has been received from the accused on account of his having been placed in confinement on the date of the supervisory authority's action.

Nevertheless, we are faced with the fact that, in his action, the convening authority, whether intentionally or inadvertently, purported to further extend the granted period of deferment by stating that the confinement would not begin "until such time as the sentence is ordered into execution." Because the approved sentence includes a bad conduct discharge, the effect of this language was apparently to extend the period of deferment until completion of appellate review. Code, *supra*, Article 71(c), 10 U.S.C. § 871(c).

■■■ The supervisory authority's action purporting to rescind the deferment thus extended was invalid for two distinct reasons. *First*, there is not the slightest indication in the record that the supervisory authority, in rescinding the confinement, complied with the requirements of *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979) as reflected and implemented by Air Force

1. This terminology is inherently ambiguous: taken literally and technically it might be construed *inter alia*, to mean that deferment was requested and approved until the service of confinement was completed, because the place of confinement may be changed by appropriate authority any time prior to the completion of its term. *Reed v. Ohman*, 19 USCMA 110, 116–17, 41 CMR 110, 116–17 (1969). Until completion of confinement, no action designating the place of confinement is "final." Such condition would never be fulfilled, because no credit toward completion of the term of confinement is received during deferment of con-

finement. Uniform Code of Military Justice, Article 57(b), 10 U.S.C. § 857(b).

2. The supervisory authority, acting contrary to the recommendation of his staff judge advocate, declined to designate the 3320th Retraining Squadron as the place of confinement, for immediate entry into the retraining program. Instead, he designated the local confinement facility at Lowry Air Force Base as the place of confinement. The accused is currently serving confinement in that facility, and has not yet been screened for entry into the retraining program.

Manual 111–1, Military Justice Guide, dated 2 July 1973, para. 7–24f (Interim Message Change 79–3, 16 May 1979). *Second,* even if he had complied with those requirements, he was utterly without authority to rescind the deferment since the accused was still within the jurisdiction of the original special court-martial convening authority at Lowry Air Force Base. Code, *supra,* Article 57(d); paragraph 88*f*, Manual for Courts-Martial 1969 (rev.).

■ While we conclude that the purported rescission of the deferment of the accused's confinement, as extended by the convening authority's action was null and void, we also conclude that the accused's current status of serving the approved confinement is correct. Uniform Code of Military Justice, Article 57(b). Our basis for this conclusion is that the convening authority's action, insofar as it purported to unilaterally extend the deferment of confinement, was a nullity. An appropriate convening authority may approve a deferment of confinement only upon application of the accused. *United States v. Ledbetter,* 1 M.J. 746, 748 (A.F.C.M.R.1975), reversed on other grounds, 2 M.J. 37 (C.M.A.1976). Authority to defer confinement is inchoate: it may not be exercised except to the extent it is requested by the accused. See *United States v. Thomas,* 3 M.J. 515 (A.F.C.M.R. 1977). The deferment requested by the accused extended only to the date when the supervisory authority ratified or designated a place of confinement. That condition was fulfilled when the supervisory authority took his action, and therefore the deferment terminated automatically on that date.

■ Despite the foregoing errors, we perceive no possibility of prejudice to the accused because he received neither more nor less deferment that he requested. Since our review of the record discloses no other errors, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.