**UNITED STATES**

v.

**Airman First Class Charles R. SMITLEY, FR 267–37–6712. United States Air Force.**

**ACM S24799.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 Aug. 1978.

Decided 1 May 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

HERMAN, Senior Judge:

We decide in this case that when an accused's confinement is deferred to a specified or determinable date, the deferment may be rescinded before that time, in the discretion of the commander, only after the latter has considered and applied the standards prescribed in paragraph 88f of the Manual for Courts-Martial, 1969 (Rev.) and in *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979). We also hold that the purported rescission by the general court-martial jurisdiction in this case was a nullity because the accused was still under the jurisdiction of the officer granting the deferment. MCM, *supra* paragraph 88g.

Tried by a military judge sitting as a special court-martial, the accused was convicted, consonant with his pleas, of conspiracy, larceny, and possession of marihuana, violations of the Uniform Code of Military Justice Articles 81, 121, and 134, 10 U.S.C. §§ 881, 921, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $200.00 per month for six months, and reduction to airman basic.

On the date the sentence was announced, 2 August 1979, the accused requested and the convening authority approved deferment of the confinement. In his action of 16 August, the convening authority ordered that the confinement "will not begin until such time as the sentence is ordered into execution, unless such deferment is sooner rescinded." On 31 August, the supervisory authority rescinded the deferment, and the accused began to serve his confinement. No rationale for the rescission is found in the record of trial or allied papers.

Interim Message Change 79–3, dated 16 May 1979, to Air Force Manual 111–1, Military Justice Guide, 2 July 1973, paragraph 7–24f, provides, "The principles applicable to the commander's decision to grant or deny the application for deferral are equally applicable to the decision whether deferment, once granted, should be rescinded." Those principles are set forth in the same Change, *United States v. Brownd, supra*, paragraph 88f, and the ABA Standards Relating to the Administration of Criminal Justice, Standard 21–2.5. In the present case, the terms of the deferment of confinement were that it would not begin *until the sentence was ordered into execution.* Whatever the intention of the convening authority may have been, since the sentence included a bad conduct discharge, the effect of this order was to defer the confinement until appellate review was completed. MCM, *supra*, paragraph 88d (1). The supervisory authority, in purporting to rescind the deferment of confinement at the time of his action, would have shortened the period of deferment contemplated by the words of art used in the convening authority's action.

When the terms of a deferment provide for a specified or determinable termination date, there is no need for reconsideration of the standards for deferment, when it is rescinded on that date. However, where it is sought to curtail the deferment and confine the accused, there must be a new consideration of the facts and circumstances existing at that time before deferment or confinement may be properly rescinded. See *Stokes v. United States*, 8 M.J. 819 (A.F.C.M.R.1979). By the same token, if no termination date is provided in the deferment, the standards must be reconsidered before rescission action may be taken.

Another reason is present in this case which causes us to view the rescission as a nullity. Paragraph 88g, MCM, *supra*, provides:

The officer granting the deferment or, if the individual is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is assigned,

has sole and plenary discretionary authority to rescind it at any time.

Article 57(d) of the Uniform Code of Military Justice, 10 U.S.C. § 857(d) is in accord. Therefore, it is clear that there is but one authority at any given moment who may grant, deny, or rescind deferment of a sentence to confinement. See also, Manual, *supra*, paragraph 88f.

In the case before us, the general court-martial convening authority purported to rescind the deferment granted by the original special court-martial convening authority, while the accused remained within the jurisdiction of the latter. The plain language of paragraph 88g of the Manual and Article 57(d) of the Code denies such authority to him. Therefore, his action was improper and a nullity. See also, *United States v. Morris*, 9 M.J. 597 (A.F.C.M.R. 18 April 1980).

■ Having found the rescission of deferment of confinement was improper, we must determine whether the accused was prejudiced, considering the unusual circumstances of this case. In his action of 16 August 1979, the convening authority designated the 3320th Correction and Rehabilitation Squadron, Lowry Air Force Base, Colorado, as the place of confinement; the accused was thus to be given an opportunity for rehabilitation and restoration to duty. When the supervisory authority rescinded the deferment, the accused commenced his term of confinement on 31 August. Thereafter, and upon the accused's later request, the convening authority once again granted

deferment, in mid-December. Significantly, the accused had not yet been sent to Lowry Air Force Base, because he had testified and was scheduled to again testify for the government in several other courts-martial in Korea, the last of which was to take place in February. The purpose of this second request for deferment, as stated by the accused, was to allow him time to serve his confinement at the rehabilitation center.[1] It is apparent that the accused and the Government were in agreement that transfer to the rehabilitation center was a primary consideration. The only manner in which the accused could have been prejudiced is in the reduced amount of time he would spend at the rehabilitation center as a result of the erroneous rescission of his deferment of confinement. Under those unusual circumstances, we conclude there was no substantial prejudice. However, considering the offenses, the matters presented for clemency, his post-trial cooperation with the Government, and the improper rescission, we strongly recommend that the bad conduct discharge be suspended.[2]

The findings of guilty and the sentence are

AFFIRMED.

ARROWOOD and MILES, Judges, concur.

---

1. At the time of the second deferment of confinement, the accused had 41 days remaining to serve. Air Force Regulation 125–18, Operation of Air Force Correction Detention Facilities, attachment 5, 16 January 1975, Change 4 (7 February 1977), requires a minimum of 30 days

confinement remaining for entry into the program.

2. This Court is without authority to suspend, else we would have done so ourselves. *United States v. Darville*, 5 M.J. 1 (C.M.A.1978).