**UNITED STATES, Appellee,**

v.

**Private E–2 Floyd F. KRENN, SSN 179–56–9372 United States Army, Appellant.**

**CM 440224.**

U. S. Army Court of Military Review.

23 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, Major Robert D. Ganstine, JAGC, and Captain Chuck R. Pardue, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, Captain Kenneth H. Clevenger, JAGC, Captain David H. Johnson, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Through a series of errors by legal and correctional authorities, the appellant served his entire sentence to confinement (less good time) at the United States Disciplinary Barracks rather than at the United States Army Retraining Brigade which was designated by the convening authority as the place of confinement. Appellant asserts that he was prejudiced by this error and asks that his sentence be set aside. The Government disagrees and responds with alternative theories of why appellant is due no relief.

I

An outline of the facts giving rise to this issue is in order. The appellant was charged and, pursuant to his pleas of guilty, convicted of possessing, transferring, and selling mescaline on two different occasions a month apart.[1] The military judge sentenced him to a bad-conduct discharge (suspension recommended), confinement at hard labor for six months, forfeiture of $299.00 pay per month for six months and reduction to Private E-1. The convening authority approved the sentence, suspended the discharge, and designated the Retraining Brigade as the place of confinement.

A few days after appellant's trial, authorities at the confinement facility in Germany transferred appellant to the Disciplinary Barracks even though a message from the convening authority (authored in staff judge advocate's office) had "approved" appellant for transfer to the Retraining Brigade.[2] After serving his confinement at the Disciplinary Barracks, appellant was released on excess leave to await the completion of appellate review and presumably punitive discharge.

When authorities at the Disciplinary Barracks discovered that appellant should have been at the Retraining Brigade, they issued orders recalling appellant from excess leave and transferring him to that organization in accordance with the general court-martial order that designated the Retraining Brigade as the place of confinement. At this juncture in the proceedings, the appellant filed with this Court a Petition for Extraordinary Relief seeking to block his transfer to the Retraining Brigade.[3] After a hearing in which the Government assured this Court that appellant would not be serving

1. Violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

2. Appellant was not eligible for transfer to the Retraining Brigade unless the convening authority intended to suspend the discharge. The message would indicate such an intent but, surprisingly, the staff judge advocate recommended approval of the sentence without suspension, reversing himself and recommending suspension of the discharge only after receiving defense counsel's response to the post-trial re-

view pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

3. Our primary concern on appellant's petition was whether appellant was being required to serve an additional period of confinement at the Retraining Brigade which, when coupled with the time served at the Disciplinary Barracks, would exceed the amount of confinement adjudged and approved.

at the Retraining Brigade as a sentenced prisoner undergoing punishment but would be in the status of a soldier undergoing training, this Court denied appellant's Petition for Extraordinary Relief.[4] The appellant completed his retraining successfully and was reassigned to a new duty station.

II

The Government argues that this Court has no jurisdiction under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, to review appellant's claim that he was illegally confined at the United States Disciplinary Barracks. The Government contends that the determination of the place of confinement is an administrative, not a judicial, decision and thus not reviewable by this Court.

█ While we agree generally that this Court does not have authority to interfere with the commander's determination of the place where confinement is to be served, *Reed v. Ohman*, 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969); *cf. Hurt v. United States*, 19 U.S.C.M.A. 584, 42 C.M.R. 186 (1970), the Court does have authority to determine whether the confinement is legal and to take corrective action if necessary. Article 66(c), UCMJ; *Kelly v. United States*, 1 M.J. 172 (C.M.A.1975). Additionally between these two poles (non-interference in administrative matters v. judicial review of legal aspects), there lies an area difficult to categorize in which actions taken by persons in the reviewing and correctional process directly affect a sentence to the prejudice of an accused. In certain of those situations affecting service of sentence, the Court should not hesitate to act.

In *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), the Court of Military Appeals reviewed the convening authority's exercise of "sole discretion" in the deferment of a sentence to confinement; in *United States v. Hurd*, 7 M.J. 18 (C.M.A.1979), and *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977),

the Court reviewed the proceedings for vacating suspended sentences; in *United States v. Richardson*, 8 M.J. 157 (C.M.A. 1980), and *United States v. Larner*, 1 M.J. 371 (C.M.A.1976), the Court reviewed the computation of good time earned by an accused; and in *Reed v. Ohman, supra*, although it declined to interfere in the designation of a new place of confinement, the Court indicated that it would become involved in the matter under certain circumstances. It appears therefore that the Court of Military Appeals has not hesitated to inject itself into what would nominally be considered administrative matters pertaining to service of sentence when an accused has been prejudiced by improper Government action.

█ In the instant case the general court-martial imposed six months confinement on the appellant. The confinement authorities in Europe transferred appellant to the Disciplinary Barracks, a proper confinement facility for the service of that confinement.[5] Although the confinement authorities in Europe should have inquired of the convening authority as to the place of confinement, their failure to do so did not make service of the confinement at the Disciplinary Barracks illegal.

█ When the convening authority took his action suspending the punitive discharge and designating the Retraining Brigade as the place of confinement, the appellant should have been transferred from the Disciplinary Barracks to the Retraining Brigade in accordance with the convening authority's direction. Failure to make that transfer, however, did not make the continued confinement at the Disciplinary Barracks illegal. The confinement was still an authorized, adjudged and approved punishment which did not extend beyond the period imposed and for which appellant was being credited.

---

4. The appellant appealed the denial of his Petition to the United States Court of Military Appeals. That Court on 15 September 1981 rejected his appeal. *Krenn v. Commander,*

*United States Disciplinary Barracks*, 12 M.J. 64 (C.M.A.1981) (USCMA).

5. Chapter 4, Army Regulation 190–47.

■ Notwithstanding the legality of the confinement, the Government authorities still erred in leaving appellant at the Disciplinary Barracks. Whether this error prejudiced the appellant by denying him the opportunity to earn an earlier release from confinement and a reduction in forfeiture is impossible to determine. We assume that the convening authority knew that prisoners assigned to the Retraining Brigade have more of an opportunity to ameliorate the confinement and forfeiture portions of their sentence than prisoners confined in the Disciplinary Barracks and that he took that matter into account when he designated the Retraining Brigade as the place the appellant was to be confined. To that extent the erroneous failure to transfer the appellant to the Retraining Brigade resulted in a more severe sentence than deemed appropriate by the convening authority. Out of an abundance of caution and as a matter of sentence appropriateness, we will give appellant relief.

We have considered the other assigned error and find it without merit. The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge (as suspended), confinement at hard labor for six months, and reduction to Private E–1.[6]

Judge LEWIS and Judge GARN concur.

■

---

**6.** The punitive discharge was remitted automatically upon expiration of the period of suspension.