UNITED STATES, Appellee,

v.

Norton T. HURD, Specialist Five, U.S. Army, Appellant.

No. 33,399.

SPCM 12132.

U. S. Court of Military Appeals.

May 7, 1979.

For Appellant: *Captain Larry C. Schafer* (argued); *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Buren R. Shields, III, Captain Donald R. Jensen* (on briefs); *Colonel Alton H. Harvey.*

For Appellee: *Captain Lee D. Schinasi* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Steven M. Werner* (on briefs); *Major John T. Sherwood, Jr.*

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial of larceny, in violation of Ar-

ticle 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the findings and the sentence, but he suspended the bad-conduct discharge for a period of 6 months, with provision for automatic remission. The United States Army Court of Military Review has affirmed.

■ Shortly before the period of suspension was to expire, a proceeding to vacate the suspension pursuant to Article 72, U.C.M.J., 10 U.S.C. § 872, was initiated and resulted in an order to vacate the suspension of the punitive discharge. Before us, the appellant alleges several infirmities in this proceeding, one of which concerns the failure of the convening authority who acted on the vacation to document his reasons and the evidence relied upon for his action. In *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977), we held that *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), as applied to the military justice system, required the convening authority to "complete a written statement 'as to the evidence relied on and the reasons for revoking parole.' *Morrissey v. Brewer, supra* at 489, 92 S.Ct. at 2604." *United States v. Bingham, supra* at 123. The convening authority's failure to execute such a written statement here undermines the minimum due process to which the appellant was entitled in the vacation proceeding and is fatal to its result.

■ The Government has sought to salvage the vacation proceeding by filing in this Court an affidavit from the convening authority, indicating the documents he considered in making his decision to vacate the suspension and purporting to have "adopted the reasons set forth in the decision paper of my Staff Judge Advocate." Apart from the fact that we decline to entertain such *post facto* documents purporting to explain what ought to have been explained at the time of the action,[1] we consider the convening authority's explanation to be insufficient, even if it had been timely.

■ First, the convening authority simply revealed that he considered the hearing officer's report, the recommendation of the special court-martial convening authority, and the recommendation of the staff judge advocate. Nowhere in the affidavit does he detail "the evidence relied on" for his decision. As we observed in *United States v. Bingham, supra* at 123:

> Among other purposes which it may serve, [the written] statement is the document upon which an appeal therefrom might be based.

This purpose is not served when all that is revealed are the reports and recommendations relied upon, which may or may not be available to the subject of the proceeding, as opposed to a detailed statement of the *evidence* relied upon.

Second, the decision paper referred to by the convening authority contains *no reasons* why the suspension should be vacated. Instead, it is limited to a recitation of the history of the appellant's case, a synopsis of the evidence accrued concerning the conduct serving as the basis for the vacation, an opinion that the evidence is sufficient to warrant vacation of the suspension, and a

---

1. The Government urges us to consider this affidavit "because the originally specified issue concerns post trial matters upon which no record could have been made." Of course, that is not the case, for had the convening authority made his required written statement at the time of his action, it *would* have been a part of the record transmitted to us, as anticipated. Additionally, the Government urges us to return the case to the Court of Military Review to exercise its factfinding powers. However, no need for such a remand is present where the concern is *whether* the convening authority executed the required statement, about which

there is no factual dispute, as opposed to what it says. To comply with the due process requirements for this written statement and to serve the purposes for which it is designed—among which is to serve as the basis for a possible appeal from an adverse action—we believe that the statement must be made in conjunction with the action. This case is to be distinguished from *United States v. Perez*, 7 M.J. 38 (C.M.A. order # 35,527, April 5, 1979), where the statement of the convening authority was timely made, but simply omitted inadvertently from the record and later appended thereto upon motion.

recommendation for vacation. Unfortunately, then, the government's late efforts are of no avail.

The decision of the United States Army Court of Military Review is reversed. The action of the convening authority is set aside. The record is remanded to the Court of Military Review which in its discretion may either approve a sentence which does not include a bad-conduct discharge or return the record to a competent authority to determine if a new vacation proceeding is practicable. *United States v. Bingham, supra.*

Chief Judge FLETCHER concurs.

COOK, Judge (dissenting):

Appellant submits that vacation of the suspension of the bad-conduct discharge was improper because the special court-martial convening authority appointed a hearing officer, and a written statement detailing the evidence relied upon and the reasons for the vacation were not given to him. In my dissent in *United States v. Bingham,* 3 M.J. 119, 124 (C.M.A.1977), I set out the reasons that impel me to conclude that a special court-martial convening authority can appoint a hearing officer. As to the statement of evidence and reasons for the order of vacation, the record of the proceedings submitted to the appellate authorities contains a statement by the special court-martial convening authority to the effect that a search of appellant's quarters produced a residue of an opiate and appellant orally confessed to the use of heroin. For the reasons set out in my dissent in *United States v. Bingham, supra,* and *United States v. Rozycki,* 3 M.J. 127 (C.M.A. 1977), this record of the vacation proceedings complied with the requirements of *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). I would, therefore, affirm the decision of the United States Army Court of Military Review.