**UNITED STATES**

v.

**Onis Duane LYNCH, 308 56 0306, Aviation Boatswain's Mate (Fuels) Second Class (E–5), U. S. Navy.**

**NMC 79 0566.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 Oct. 1978.

Decided 27 Feb. 1981.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his guilty pleas at a special court-martial bench trial of wrongful solicitation of another to commit an offense and seven specifications alleging wrongful possession, introduction, or transfer of hashish, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 75 days, forfeiture of $300.00 per month for 2 months, and reduction to pay grade E–2. The convening authority purported to suspend confinement in excess of 2 months and otherwise approved the sentence.[1]

The officer exercising general court-martial jurisdiction, Commander Naval Air Force, U. S. Atlantic Fleet (COMNAVAIR-LANT), approved the sentence as approved by the convening authority, but suspended the bad-conduct discharge and reduction below pay grade E–3. A successor general court-martial authority, Commandant, Fourth Naval District (COMFOUR), vacated the suspension of the discharge on 7 June 1979. This Court set aside the original action of COMNAVAIRLANT because of a deficiency in the staff judge advocate's review and failure to provide defense counsel with a copy of the record though he was apparently geographically separated from the accused when the accused was served with a copy. United States v. Lynch, No. 79 0566 (N.C.M.R. 26 July 1979) (unpublished). Subsequently, on remand after additional review, COMNAVAIRLANT took a new action, approving the sentence, as approved and partially suspended by the convening authority.

The accused now challenges the vacation of the suspended bad-conduct discharge because it was based on evidence not attached to the record.[2] We cannot affirm an unsuspended bad-conduct discharge on the basis of either the incomplete record of the vacation proceedings which is before us or COMNAVAIRLANT'S new action.

I

The staff judge advocate recommended on remand that COMNAVAIR-LANT approve an unsuspended bad-conduct discharge, declining to suspend the discharge because the accused had received nonjudicial punishment for a 26-day unauthorized absence which occurred after COMNAVAIRLANT suspended the discharge in his first action. This absence was the misconduct upon which COMFOUR's action vacating the suspension had been based. COMNAVAIRLANT approved an unsuspended bad-conduct discharge in his second action, presumably on the basis recommended by his staff judge advocate. His action was illegal. He could not approve an unsuspended discharge on the basis of misconduct occurring after his first action in the absence of proper vacation proceedings. Even though it was erroneous and had been set aside, his initial action fixed the limits of the sentence he could approve in subsequent proceedings. United States v. Dean, 7 U.S.C.M.A. 721, 23 C.M.R. 185 (1957).

II

We must examine the vacation proceedings to determine whether the COMFOUR

---

1. The accused was sentenced on 26 October 1978. The convening authority acted on 1 February 1979, attempting to suspend a period of confinement which, absent a proper deferment, had run in its entirety. This he could not legally do. United States v. Clark, 10 M.J. 655 (N.C.M.R. 31 December 1980). Modification of the sentence will purge the error. We presume, in the absence of objection by trial defense counsel in his United States v. Goode, 1 M.J. 3 (C.M.A.1975), response to the staff judge advocate's review or by appellate defense counsel in an assignment of error, that the accused was released from his post-trial confinement within 2 months in accordance with the pretrial agreement which provided for suspension of confinement in excess of 2 months.

2. The accused had previously challenged the adequacy of the plea bargain inquiry in an assignment of error, which we did not address when we set aside the general court-martial authority's action. This assignment is without merit. See United States v. Hinton, 10 M.J. 136 (C.M.A.1981); United States v. Lachner, No. 78 1353 (N.C.M.R. 18 December 1978) (unpublished).

order vacating the suspension of the bad-conduct discharge may be affirmed. The officer exercising special court-martial jurisdiction conducted a hearing pursuant to Article 72, 10 U.S.C.A. § 872, UCMJ. He recommended a vacation on the basis of the 26-day unauthorized absence and the statement the accused made through counsel. In his action vacating the suspension of the punitive discharge, COMFOUR, the officer exercising general court-martial jurisdiction, stated he considered Exhibits 1 through 5 presented at the vacation hearing; he also considered that the absence commenced shortly after the accused was placed on probation as well as the accused's "expressed desire . . . indicative of an attitude which precludes his return to duty." The statement, which the accused made through counsel at the hearing, is identified in the Report of Proceedings to vacate suspension (DD Form 455) as Exhibit 6 but no Exhibit 6 is attached to the report in the record before us. Appellate Government counsel's efforts to locate the exhibit have been unsuccessful.

■ The decision maker in vacation proceedings must complete a written statement as to the evidence relied upon and the reasons for vacating a suspension in order to provide the basis for review upon appeal. *United States v. Hurd*, 7 M.J. 18 (C.M.A. 1979); *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977). Vacation proceedings conducted in accordance with Article 72, UCMJ, are integral parts of a court-martial sentence and are subject to review by this Court. *United States v. Ward*, 5 M.J. 685 (N.C.M.R.1978); *United States v. Borneman*, 10 M.J. 663 (N.C.M.R.1980).

■ The COMFOUR action on the vacation proceedings in this case does not satisfy the *Bingham* requirement for a detailed statement of the evidence relied upon. *United States v. Hurd, supra*. In the absence of a summary of the accused's statement either in the action of the general court-martial authority or as an attachment

to the DD Form 455, we cannot ascertain the evidence relied upon by the decision maker and properly review the vacation proceedings.[3] Therefore, we cannot affirm the vacation of the suspension of the discharge. In our action, we shall affirm a sentence which includes a suspended bad-conduct discharge, because the general court-martial authority was legally obligated to affirm a sentence of no greater severity than the one he initially approved. *See United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972).

Accordingly, the findings of guilty and so much of the sentence as approved below as provides for reduction to pay grade E–3, a bad-conduct discharge, both probationally suspended until 4 April 1980, confinement at hard labor for 2 months, and forfeiture of $300.00 per month for 2 months, are affirmed. The record shall be returned to an appropriate general court-martial authority who may direct additional vacation proceedings if deemed practical. Paragraph 97*b*, *Manual for Courts-Martial, 1969 (Rev.)*; JAGMAN § 0129*b*.

Senior Judge GREGORY and Judge DONOVAN concur.

---

3. If the statement made by a probationer has been reduced to writing, it should be attached to the DD Form 455.